**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

**Victor Gaspar Chocoy PAR, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–70340.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 10, 2008.

David M. Illions, Attorney at Law, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Margaret K. Taylor,

Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: TASHIMA, SILVERMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Victor Gaspar Chocoy Par, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004), and we review questions of law de novo, *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). We deny the petition.

Substantial evidence supports the agency's conclusion that the government rebutted the presumption that Par had a well-founded fear of future persecution by demonstrating that country conditions in Guatemala changed significantly since his departure. *See Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 999 (9th Cir.2003). The IJ referred to the relevant sections of the 2002 State Department country reports providing "an individualized analysis of how changed conditions will affect [Par's] situation." *Id.* at 998 (internal quotation and citation omitted).

Contrary to Par's contention, the proceedings were not "so fundamentally un-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

fair that [he] was prevented from reasonably presenting his case." *Colmenar,* 210 F.3d at 971 (citation omitted). Moreover, Par failed to demonstrate that additional time to examine the country report would have affected the outcome of the proceedings. *See id.* (requiring prejudice to prevail on a due process challenge). The record does not support Par's assertion that the IJ relied on the 1997 report rather than that 2002 report.

In his opening brief, Par fails to address, and therefore has waived, any challenge to the BIA's determination that he is not eligible for withholding of removal or CAT relief. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.